LEVIN H. CAMPBELL, Chief Judge.
 

 Superseope, Inc., appellee, supplied Brookline Corp. with inventory for Brook-
 
 *702
 
 line’s chain of retail stores. Payment for the inventory was secured by a purchase money security interest. On November 14, 1980, appellant Lockwood, who was the president, treasurer, and clerk of Brookline, executed and delivered a personal guaranty to Superscope guaranteeing Brookline’s indebtedness in excess of $100,000. The guaranty provided that recourse to Lockwood would be had “simultaneous with proceeding against any security taken and held to satisfy all debt of [Brookline] to [Super-scope] and with exercising any other remedy available to [Superscope] against [Brook-line].”
 

 On April 8, 1981, Brookline filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. On April 13, 1981, Superscope brought the present action against Brookline and Lockwood in the district court. On April 8, 1982, the Chapter 11 proceeding was converted into a Chapter 7 liquidation.
 

 After Superscope had moved for summary judgment in the instant case against both defendants, the parties stipulated that Brookline owed Superscope $176,814.19. Thereafter, the district court entered judgment in the amount of $76,814.19 against Lockwood, that being the portion of the-stipulated amount owed by Brookline in excess of $100,000. From that judgment, Lockwood appealed to this court. We agree with the district court that Superscope established all the elements of its case and that no material factual dispute sufficient to defeat summary judgment was raised. Brookline’s underlying obligation is undisputed and fully liquidated. Lockwood does not deny the existence of the debt or his guaranty of a portion thereof. Brookline is clearly in default as the debt has been due and owing for over 30 days and it has filed for bankruptcy. The several letters sent by Superscope to Lockwood and Lockwood’s position in the corporation, as well as the filing of this suit, provided sufficient notice to Lockwood of Brookline’s default. Lastly, the furnishing of credit to Brookline on Lockwood’s promise is sufficient consideration; no benefit need pass directly to Lockwood.
 

 The sole question on appeal is whether Superscope complied with the condition that it proceed simultaneously against both the security and the guarantor. Appellants argue that by filing a claim as an
 
 unsecured
 
 creditor, Superscope abandoned its security and therefore lost its right to proceed against Lockwood on the guaranty. The district court held, and we agree, that Su-perscope did not abandon its security and took all required action precedent to realizing on the guaranty.
 

 Brookline’s petition for reorganization listed Superscope as a secured creditor.
 
 [1]
 
 Under § 1111(a) of the Bankruptcy Code, a proof of claim is deemed filed under § 501 if that claim appears in the schedule filed by the debtor under § 521(1) so long as the claim is not scheduled as disputed, contingent or unliquidated. Thus, Superscope did not have to file a proof of claim for its secured interest because Lockwood had listed Superscope as a secured creditor in Brookline’s schedule. Superscope, to be sure, also filed a proof of claim as an unsecured creditor under § 501.
 
 [2]
 
 But as the Committee notes to the Senate Report on § 501 explain, S.Rep. No. 989, 95th Cong., 2d Sess. 61,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5787, 5847, a creditor who is only partially secured, as Superscope appears to have been, may file a proof of claim as an unsecured creditor. Given its listing elsewhere as a secured creditor, Su-perscope’s filing as an unsecured creditor did not operate to abandon the security but merely gave Superscope claims both as a secured and an unsecured creditor. Noth
 
 *703
 
 ing in § 1112 or elsewhere suggests that when the case was converted to Chapter 7 the proof of claim deemed filed under § 1111 disappeared.
 

 The only possible additional action that Superscope could have taken that it did not take was to seek relief from the automatic stay under § 362(d). Like the court below, we do not believe that the guaranty required Superscope to realize on its security before it could proceed against Lockwood. The condition merely required that it proceed simultaneously. The existence of a sufficient proof of claim as a secured creditor coupled with the filing of a proof of claim as an unsecured creditor and the bringing of this action meets this condition; thus, it was unnecessary for Superscope to seek relief from the stay.
 

 Affirmed.
 

 [1]
 

 . Schedule A-2 entitled “Creditors Holding Security,” which was filed for Brookline by Lockwood himself, showed a debt to Superscope of $176,814.19; the schedule also showed that this amount was secured by $10,000 of inventory. It was explicitly stated in the schedule that the claim was not contingent, liquidated or disputed.
 

 [2]
 

 . Since Superscope was only partially secured, it properly filed a proof of claim as an unsecured creditor in hope of realizing more than the $10,000 value of its security.